**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-4156**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERETT ALSTON,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:22-cr-00013-ELH-1)

───────────

Submitted:  November 19, 2024                Decided:  November 22, 2024

───────────

Before QUATTLEBAUM, RUSHING, and BENJAMIN, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Mirriam Z. Seddiq, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant.  Patricia Corwin McLane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In April 2023, Jerett Alston pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). In accordance with the plea agreement, the district court sentenced Alston to 72 months' imprisonment on May 3, 2023. Alston filed a pro se notice of appeal from the criminal judgment on March 13, 2024. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal. Alston has not filed a supplemental pro se brief despite receiving notice of his right to do so. The Government has moved to dismiss the appeal as untimely.[*]

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

---

[*] The Government also moves to dismiss the appeal as barred by the appeal waiver in Alston's plea agreement, but we need not reach this issue.

2

Alston noted his appeal nearly one year after the district court entered its judgment, well beyond both the 14-day appeal period and the 30-day excusable neglect period. Because Alston failed to file a timely notice of appeal or to obtain an extension of the appeal period, and since the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2), we grant the Government's motion and dismiss Alston's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*